IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                        ORDER

      v.                                          12-cr-103-bbc-1

JERRY J. KIRK,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Jerry J. Kirk's supervised release was held on February 20, 2015, before U. S. District Judge Barbara B. Crabb. The government appeared by Assistant U. S. Attorney Laura A. Przybylinski Finn. Defendant was present in person and by counsel, Anthony C. Delyea. Also present was Supervisory U.S. Probation Officer Lisa Siegel.

From the record and the parties' stipulation I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on April 2, 2013, following his conviction for failing to register as a sex offender, in violation of 18 U.S.C. § 2250. This offense is a Class C felony. Defendant was sentenced to a three-year term

of probation.

Defendant violated the condition prohibiting him from committing another federal, state or local crime. On February 7, 2015, during a search by law enforcement of his home, defendant admitted to Polk County officers that he had been selling synthetic marijuana to four or five individuals.

Defendant's violation falls into the category of a Grade A violation. According to the Policy Statement at § 7B1.3(a)(1) of the advisory guidelines the court is to revoke probation when it finds that a defendant has committed a Grade A violation.

## CONCLUSIONS

Defendant's violation warrants revocation. Accordingly, the three-year term of probation imposed on him on April 2, 2013 will be revoked.

Defendant's criminal history category is VI. With a Grade A violation, he has an advisory guideline term of imprisonment of 33 to 41 months. Under 18 U.S.C. § 3565(a) and Subchapter A of Chapter 227, the statutory penalty in this case is ten years' imprisonment followed by a three-year term of supervised release.

## ORDER

IT IS ORDERED that the period of probation imposed on defendant on April 2, 2013, is REVOKED. Because defendant helped law enforcement find a firearm that had

been in the possession of a convicted felon, I will sentence him below the guideline range. He is committed to the custody of the Bureau of Prisons for a term of 21 months, with three years' supervised release to follow.

The following standard, non-mandatory conditions of supervision are reasonably related to defendant's offense, violation and his personal history and characteristics and are consistent with the sentencing factors set forth at 18 U.S.C. § 3553(a):

| | | |
|---|---|---|
| 1) | Defendant shall not leave the judicial district without the permission of the court or probation officer. | To provide community protection, rehabilitation for defendant, and to enable the supervising probation officer's statutory duty to keep informed of defendant's location, conduct, condition, and compliance. 18 U.S.C. § 3553(a)(1), (a)(2)(B) and (C); 18 U.S.C. § 3563(b)(14); 18 U.S.C. § 3603(2) and (7); USSG §5B1.3(b)(1)(A), (C), (D) and (b)(2); USSG §5D1.3(b)(1)(A), (B), (C) and (b)(2). |
| 2) | Defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month, shall answer truthfully all inquiries by the probation officer regarding the conditions of supervision and is to follow the instructions of the probation officer unless a fully truthful statement would tend to incriminate defendant in violation of his constitutional rights. | To provide community protection, rehabilitation for defendant, to ensure officer and defendant safety, and to enable the supervising probation officer remain aware of defendant's location, conduct condition, and compliance. 18 U.S.C. § 3553(a)(2)(B), (C) and (D); 18 U.S.C. § 3563(b)(15); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG §5B1.3(b)(1)(C), (D), (E) and (b)(2); USSG §5D1.3(b)(1)(B), (C), (D) and (b)(2). |
| 3) | Defendant shall support his dependents and meet other family responsibilities. | Research indicates that a stable family environment promotes the rehabilitation of offenders. 18 U.S.C. § 3553(a)(2)(B), (C) and (D); 18 U.S.C. § 3563(b)(1) and |

| | | |
|---|---|---|
| | | (20); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG §5B1.3(b)(1)(B), (C), (D) and (b)(2); USSG §5D1.3(b)(1)(B), (C) and (b)(2). |
| 4) | Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons. | This condition is imposed because research indicates that lawful, stable employment and education reinforce the rehabilitation of offenders. Employment and education have been identified as risk factors for recidivism. 18 U.S.C. § 3553(a)(2)(B), (C) and (D); 18 U.S.C. § 3563(b)(4) and (5); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG §5B1.3(b)(1)(C), (D) and (E); USSG §5D1.3(b)(1)(B), (C) and (D). |
| 5) | Defendant shall notify the probation officer within seventy-two hours of any change in residence or employment. | To provide community protection, rehabilitation for defendant, to ensure officer and defendant safety, and to enable the supervising probation officer to remain aware of defendant's location, conduct, condition and compliance. 18 U.S.C. § 3553(a)(2)(C); 18 U.S.C. § 3563(b)(13), (15), (16) and (19); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG §5B1.3(b)(1)(D) and (b)(2); USSG §5D1.3(b)(1)(C). |
| 6) | | |
| 7) | Defendant shall not spend time with any persons he knows are engaged in criminal activity or with any person he knows has been convicted of a felony unless granted permission to do so by the probation officer. | Research indicates that association with persons involved in criminal activity increases the risk of recidivism, while recognizing that a defendant may have no choice but to spend time with persons previously convicted of crimes, such as family members. This condition promotes and encourages pro-social relationships that are conducive to a law-abiding lifestyle. 18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C); |

|   |   |   |
|---|---|---|
|   |   | 18 U.S.C. § 3563(b)(6); 18 U.S.C. § 3603(3); USSG §5B1.3(b)(1)(B), (C) and (D); USSG §5D1.3(b)(1)(B) and (C). |
| 8) | Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer. | To provide for community safety and rehabilitation of defendant. 18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C); 18 U.S.C. § 3563(b)(18); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG § 5B1.3 (b)(1)(A), (B), (C) and (D); USSG § 5D1.3 (b)(1)(A), (B) and (C). |
| 9) | Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the prior permission of the court. | Contact with criminals and potential involvement in facilitating other crimes sanctioned by law enforcement officers directly contradicts the condition of no new offenses and criminal associations, which are risk factors for recidivism. Such contact can also impose unacceptable safety risks on the defendant. Therefore, strict monitoring by the court/probation office is necessary for the safety of the community, defendant, and the supervising probation officer.  18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C); 18 U.S.C. § 3563(b)(5), (6), (15), (17) and (18); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG §5B1.3(b)(1)(A), (B), (C) and (D); USSG §5D1.3(b)(1)(A), (B) and (C). |
| 10) | Defendant shall notify third parties of risks that may be occasioned by defendant's conviction if directed by the probation officer and shall permit the probation officer to make such notifications and to confirm defendant's compliance with this notification requirement. | To protect the public from further crimes perpetrated by defendant. 18 U.S.C. § 3553(a)(1), (b)(2)(A), (B) and (C); 18 U.S.C. § 3563(b)(3), (4), (5), (6), (13) and (16); in a case of crimes against property 18 U.S.C. § 3555; 18 U.S.C. § 3603(2), (3), (4) and (7); USSG §5B1.3(b)(1)(A), (B), (C) and (D) and (b)(2); USSG |

|  |  | §5D1.3(b)(1)(A), (B), (C) and (b)(2). |
|---|---|---|

I also find that the following special conditions of supervised release are reasonable and related to the offense of conviction and defendant's personal history and characteristics and are necessary to satisfy the statutory purposes of sentencing:

| 1) | Register with local law enforcement agencies and the state attorney general, as directed by the supervising U.S. probation officer. | This condition will assist the probation officer's monitoring defendant's compliance with local, state and federal laws. |
|---|---|---|
| 2) | Provide the supervising U.S. probation officer any and all requested financial information, including copies of state and federal tax returns. | This condition will enable the probation officer to monitor defendant to ensure that he does not re-engage in the crimes of fraud and theft. |
| 3) | Submit his person, property, office, house, residence, papers, vehicle or computers (as defined in 18 U.S.C. § 1030(e)(1)) or other electronic communications, data storage device, or media, to a search conducted by a U.S. probation officer at a reasonable time and in a reasonable manner, whenever the probation officer has reasonable suspicion of contraband or of the violation of a condition of release; failure to submit to a search may be a ground for revocation; defendant shall warn any other residents that the premises he is occupying may be subject to searches pursuant to this condition. | Ths condition is imposed to protect the public from further criminal activity perpetrated by defendant as suggested by his offenses against people and property and the need to ensure the safety of the supervising U.S. probation officer. |

| | | |
|---|---|---|
| 4) | Abstain from the use of alcohol and illegal drugs and from association with drug users and sellers and participate in substance abuse treatment. Defendant shall not knowingly visit places where controlled substances are illegally sold, used, distributed or administered. Defendant shall submit to drug testing beginning within 15 days of his release and 60 drug tests annually thereafter. The probation office may utilize the Administrative Office of the U.S. Courts' phased collection process. | This condition is imposed to respond to defendant's self-reported incidents of driving under the influence of alcohol, history of marijuana experimentation and convictions for alcohol-related driving offenses and possession of controlled substances. Research indicates the use of illicit chemicals is a risk factor for recidivism. This condition assists with defendant's rehabilitation protects officer and defendant safety as well as the safety of the community. 18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C); 18 U.S.C. § 3563(b)(7); 18 U.S.C. § 3603(3); USSG §5B1.3(b)(1)(A), (B), (C) and (D); USSG §5D1.3(b)(1)(A), (B) and (C). |
| 5) | Participate in mental health referral, assessment and treatment as approved by the supervising U.S. probation officer and comply with all rules, regulations and recommendations of the mental health agency or its representative to the extent approved by the supervising U.S. probation officer. Defendant shall take any medications prescribed by a licensed medical provider. | Imposed based on defendant's self-reported mental health concerns which were substantiated through mental health records. |

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration. Defendant is to be registered with local law enforcement agencies and the state attorney general before his release from imprisonment.

Entered this 23d day of April, 2015

BY THE COURT:

_/s/_____
BARBARA B. CRABB
District Judge